IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THE SCOTTS COMPANY LLC, *et al.*,

    Plaintiffs,

    v.

SBM LIFE SCIENCE CORP.,

    Defendant.

Civil Action 2:23-cv-1541
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendant's Motion to Compel Discovery.  (Mot., ECF No. 69.)  Plaintiffs filed an Opposition to Defendant's Motion to Compel.  (Resp., ECF No. 72.)  Defendant filed a Reply in support of its Motion to Compel.  (Reply, ECF No. 76.)  This matter is ripe for judicial review.  For the reasons that follow, Defendant's Motion is **GRANTED**.

**I.    BACKGROUND**

Plaintiffs allege that Defendant committed multiple violations of federal and state trademark, trade dress, copyright, trade practices, and advertising laws.  (ECF No. 44.)  In the interest of judicial efficiency, the Court will not summarize the factual and procedural background of this case again.  *See Scotts Co. LLC v. SBM Life Sci. Corp.*, 749 F. Supp. 3d 865, 869 (S.D. Ohio 2024).

**II.    STANDARD OF REVIEW**

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort

to obtain it without court action." Fed. R. Civ. P. 37(a)(1).  Consistent with this, Local Rule 37.1 requires the parties to "exhaust[] among themselves all extrajudicial means for resolving their differences" before filing an objection, motion, application, or request relating to discovery.  S.D. Ohio Civ. R. 37.1.  Local Rule 37.1 also allows parties to first seek an informal telephone conference with the Judge assigned to supervise discovery in the case, in lieu of immediately filing a discovery motion.  *Id.*  The Court is satisfied that the parties met these prerequisites.

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  Fed. R. Civ. P. 26(b)(1).  *See also Siriano v. Goodman Mfg. Co., L.P.*, No. 2:14-CV-1131, 2015 WL 8259548, at *5 (S.D. Ohio Dec. 9, 2015).  "*Relevance* is construed very broadly for discovery purposes."  *Doe v. Ohio State Univ.*, No. 2:16-CV-171, 2018 WL 1373868, at *2 (S.D. Ohio Mar. 19, 2018) (emphasis in original) (citation omitted).  "District courts have broad discretion over docket control and the discovery process."  *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citation omitted).  "'It is well established that the scope of discovery is within the sound discretion of the trial court.'"  *Id*. (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)).

Federal Rule of Civil Procedure 33 governs interrogatories and requires the receiving party to answer them "separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  "Providing false or incomplete discovery responses violates the Federal Rules of Civil Procedure and subjects the offending party and its counsel to sanctions."  *JPMorgan Chase Bank, N.A. v. Neovi, Inc.*, No. 2:06-CV-0095, 2006 WL 3803152, at *5 (S.D. Ohio Nov. 14, 2006) (citing *Wagner v. Dryvit Systems, Inc.*, 208 F.R.D. 606, 610 (D. Neb. 2001)) (quotations omitted).  "Parties must respond truthfully, fully and completely to discovery or explain truthfully, fully

and completely why they cannot respond." *Id.* at *5 (citing *Miller v. Pruneda*, No. 3:02-CV-42, 2004 WL 3927832, at *5 (N.D. W. Va. July 20, 2004)) (quotations omitted). Parties may not engage in gamesmanship to evade answering discovery. *Id.* at *5.

### III. ANALYSIS

Defendant asks the Court to compel Plaintiffs to "provide complete, non-evasive answers to Interrogatories No. 12 and 15." (Mot. at PageID 1523.)

**INTERROGATORY NO. 12**

Please identify and describe in detail each and every element of the ORTHO Black Label alleged to be protectable under U.S. Copyright Reg. No. 2-363-784.

Response: Scotts states that the elements of the ORTHO Black Label covered by OMS' Reg. No. 2-363-784 and thus protected by OMS' copyright to the Label are pictured below:



However, Scotts does not claim the following elements of the ORTHO Black Label are protected by OMS' copyright to the Label:

- The listing of ingredients in the GroundClear product;
- The safety warnings;
- The measurement of the contents of the product;

3

- The gray square at the bottom of the Design and the text "FPO" and "LB1944;" and
- The following text:
    - "VEGETATION KILLER MATA LA VEGETACION READY-TO-USE$_1$"
    - "KILLS WEEDS FOR UP TO 1 YEAR MATA MALEZAS HASTA POR 1 ANO"
    - "*versus pervious GroundClear® Ready-to-Use formula"

### INTERROGATORY NO. 15

Please identify and describe in detail each and every element of Scotts' Yellow Barrier Design alleged to be protectable under U.S. Copyright Reg. No. 2-350-764.

Response: Scotts states that the elements of the Yellow Barrier Design covered by OMS' Reg. No. 2-350-764, and thus protected by OMS' copyright in the Design are pictured below:



However, Scotts does not claim the following elements of the Yellow Barrier Design are protected by OMS' copyright to the Design:

- The informational text on the left side of the Design describing the function of OMS' ORTHO Home Defense Product;
- The listing of ingredients in the product;
- The safety warnings;
- The measurement of the contents of the product;

4

- The QR Code; and
- The text "Apply as a Perimeter Treatment" at the bottom of the Design.

(ECF No. 69-2, at PageID 1572–73, 1576–77.)

Defendant argues that the information sought in Interrogatory Nos. 12 and 15 is relevant, Plaintiffs' answers are evasive and incomplete, and Plaintiffs' refusal to provide complete, non-evasive answers prejudices Defendant. (Mot. at PageID 1528–35.) Defendant asserts that Plaintiffs' answers are evasive and incomplete because they do not list out the protected elements in the ORTHO Black Label and Yellow Barrier Design and instead provide an image and a list of the non-protected elements. (*Id.* at PageID 1531–34.) Defendant claims that Plaintiffs' evasiveness prejudices it because it cannot prepare its defense—"SBM still cannot ascertain what SCOTTS contends is the basis for its copyright infringement claims." (*Id.* at PageID 1534.)

In response, Plaintiffs do not contest the relevancy of Defendant's requests. Instead, they contend that they answered the requests fully and accurately and claim that Defendant has not suffered any prejudice. (Resp. at PageID 1902–06.) Plaintiffs argue that their responses are sufficient because Defendant knew that Plaintiffs claim "protection of the overall image of each work consisting of the combination of the elements in each work" instead of protection of any single element. (*Id.* at PageID 1902–03.) In support of this assertion, Plaintiffs extensively cite to their opposition to Defendant's Motion to Dismiss their Second Amended Complaint. (*Id.* at PageID 1903.) Plaintiffs acknowledge that Defendant's requests seek identification of each protectable element and that their responses do not identify a single protectable element, but claim that their "answers, particularly when read in context with the wider record, fully and accurately answer SBM's interrogatories . . . ." (*Id.* at PageID 1903, 1905.)

5

In its Reply, Defendant notes the discrepancy between Plaintiffs' interrogatory answers and their Response.

> In the opening sentence of its response to the motion to compel, SCOTTS announces that it "do[es] not claim copyright protection over any single element of either of the two works at issue." Rather, it states, "SCOTTS claims protection in the combination of elements that make up its works," except for several individual elements in which no copyright protection is claimed. SCOTTS says, unabashedly, that this position is "set forth in its answers," but SCOTTS' answers to Interrogatories No. 12 and 15 simply do not say what it claims.

(Reply, at PageID 2053 (citations omitted).) Defendant also rebuts Plaintiffs' assertion that they have never claimed protection in any single element by pointing to Plaintiffs' allegations in their Second Amended Complaint. (*Id.* at PageID 2054 (citing ECF No. 44, at ¶¶ 67, 80, 157, 170); Resp. at PageID 1903.)

The Court finds that Plaintiffs must supplement their answers to Interrogatory Nos. 12 and 15.[1] Defendant asks Plaintiffs to identify the protectable elements that they allege Defendant infringed in their Second Amended Complaint. Plaintiffs' response does not identify those elements. In fact, Plaintiffs freely admit they did not identify any elements:

> SBM complains that Scotts' answers are "incomplete and evasive" because "they do not identify even a single element of the ORTHO Black Label and SCOTTS' Yellow barrier that SCOTTS contends are [*sic*] protectable under copyright." (ECF 69, at 11.) That is because Scotts does not claim protection in any single element (even if it is separately protectable under copyright). In fact, SBM knows that Scotts has never advanced such a claim.

(Resp. at PageID 1903.)

If there are no elements to identify, as Plaintiffs claim in their Response, then they must supplement their discovery responses with that assertion. *See JPMorgan Chase Bank, N.A.*,

---

[1] The Court declines to address the parties' prejudice arguments because neither party provides support that prejudice or lack thereof is relevant to the Court's analysis.

6

2006 WL 3803152, at *5 ("Parties must respond truthfully, fully and completely to discovery or explain truthfully, fully and completely **why they cannot respond**.") (emphasis added) (citation and quotations omitted).  Plaintiffs dedicate a considerable portion of their brief arguing that their briefing on Defendant's Motion to Dismiss effectively excuses them.  Plaintiffs fail to persuade the Court that their representations in argumentative briefing equate to fully answering Defendant's discovery requests, as Plaintiffs do not provide any legal authority to support that assertion.  (Resp. at PageID 1905.)

Both parties request attorneys' fees incurred in connection with Defendant's Motion. (Resp. at PageID 1907; Reply, at PageID 2056–57.)  The Court finds that an award of attorneys' fees to either party is not appropriate in this case because the Undersigned attempted to informally facilitate a resolution between the parties on this issue and directed Defendant to file its Motion.  Their requests are **DENIED**.

IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel Discovery is **GRANTED**. (ECF No. 69.)  Plaintiffs are **ORDERED** to provide supplemental responses to Integratory Nos. 12 and 15 within **SEVEN DAYS** of the date of this Order.  The parties' requests for attorneys' fees are **DENIED**.

    IT IS SO ORDERED.


Date: June 2, 2025                      /s/ *Elizabeth A. Preston Deavers*
                                                       **ELIZABETH A. PRESTON DEAVERS**
                                                       **UNITED STATES MAGISTRATE JUDGE**